**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SAMUEL JEDEDIAH BURLESON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| *v.* | § | **CASE NO. 6:22-CV-581-ADA-DNM** |
| | § | |
| **JEFFERY PACE, et al.,** | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636, FED. R. CIV. P.  72, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court reviews this case pursuant to Federal Rule of Civil Procedure 4(m) and in light of the Court's November 3, 2025 Order to Show Cause and Samuel Jedediah Burleson's November 7, 2025 Response to Order to Show Cause. Dkt. Nos. 6 & 7. Based on this review, the Court finds that Burleson has failed to comply with Rule 4(m) and failed to provide good cause for this failure and this case should be **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND FACTS**

On June 6, 2022, United States District Judge Robert Pittman allowed the *pro se* plaintiff, Samuel Jedediah Burleson, to proceed in this matter *in forma pauperis* and transferred his claims to the Waco Division of the Western District of Texas. Dkt. No. 4. More than three years later, on November 3, 2025, United States Magistrate Judge Derek Gilliland entered a show cause order directing Burleson to show cause as to why this case should not be dismissed in light of

Page **1** of **5**

Burleson's failure to request or attempt service and the lack of any other apparent effort to prosecute the case. Dkt. No. 6. On November 7, 2025, Burleson responded to the show cause order by claiming only "that this matter is being actively prosecuted" and requesting that the Court order the United States Marshals Service to serve the defendants. Dkt. No. 7. Burleson included multiple summonses – all but one of which was deficient because they were directed to multiple parties. Dkt. No. 7 at Ex. 3.

## APPLICABE LEGAL STANDARD

Under Rule 4(m) a court is required to dismiss a case without prejudice if a defendant is not served within 90 days after the complaint is filed. The 90-day deadline may be extended if a plaintiff shows good cause for his failure to comply with the 90-day deadline. *See* FED. R. CIV. P. 4(m). Good cause under Rule 4(m) requires at least a showing of excusable neglect, in "which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *See Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995); *see also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (finding that a plaintiff's *pro se* status and ignorance of the law does not constitute good cause for failure to effect service in compliance with the rules). If good cause does not exist, the court must dismiss a case without prejudice or extend the time for service. *See Thompson v Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

In *Thompson*, the plaintiff failed to offer good cause for its failure to serve the defendant before the Rule 4(m) deadline, so the district court dismissed the case. *Id.* The Fifth Circuit affirmed the district court's dismissal and noted that a court has discretion to dismiss a case when a plaintiff does not show good cause for its failure to comply with the Rule 4(m) service deadline. *Id.* Consequently, it is the plaintiff's burden to provide some explanation that amounts to good cause to avoid dismissal under Rule 4(m). *See e.g. id*.

Where the applicable statute of limitations may bar future litigation even when a case is dismissed without prejudice, a district court must find the delay in service was (1) caused by the plaintiff and not his attorney, (2) the delay prejudiced the defendants, or (3) the delay was caused by intentional conduct. *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986); *Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 213 (5th Cir.1976) ("where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice."). At least one of these three factors must be present. *Id.; see also Coleman v. Sweetin*, 745 F.3d 756, 766 n. 9 (5th Cir. 2014).

Delay warranting dismissal with prejudice should be egregiously long and characterized by periods of complete inactivity. *Millan v USAA General Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008). For example, the Fifth Circuit has affirmed dismissal with prejudice when a party failed to serve a defendant over a year-and-a-half after the complaint was filed. *Veazey v Young's Yacht Sale & Service*, 644 F.2d 475, 477 (5th Cir. 1981). In *Veazey*, the plaintiff offered several explanations for the delay, but none were sufficient to support good cause. *Id.* In affirming the district court and discussing the prejudice caused by delays in service, the Fifth Circuit noted that "evidence deteriorates or disappears, memories fade, and witnesses die or move away." *Id.* at 478; *see also Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (affirming dismissal with prejudice after a delay in service of 600 days).

## **ANALYSIS**

After more than three years of not attempting service and doing nothing to prosecute this case, Burleson was ordered "to show cause as to why this case should not be dismissed." Dkt. No. 6. The show cause order clearly and unambiguously ordered Burleson to show cause for

such a lengthy delay, but he did not do so. Instead, Burleson responded only with his claim "that this matter is being actively prosecuted" without pointing to any facts to support that claim. Dkt. No. 7 at 1. Burleson's response to the show cause order does not offer any explanation for why service had not been attempted or requested in the more than three years since the Court granted his motion to proceed *in forma pauperis*. He does not explain why no action has been taken to pursue his claims. Consequently, Burleson's failure to meet the service deadline violated Rule 4(m), and there is no apparent good cause for this failure.

Burleson's actual causes of action are not clear from his pleading. As a result, it is difficult, at best, to determine what the applicable statute of limitations may be. Consequently, it is not possible to determine whether dismissal with or without prejudice is material because of the potential passage of the statute of limitations.

Acknowledging that any dismissal, whether with or without prejudice, may bar Burleson's claims because of the passing of the applicable statute of limitations, the Court finds that this is the result of Burleson's own delay and his intentional failure to prosecute his claim. Burleson is proceeding *pro se*, so any delays or failures to act are the result of his own action or inaction. Moreover, because the events giving rise to this case occurred as long as five years ago, the lengthy delay likely prejudices Defendants' ability to properly defend against the claims because memories will have faded, witnesses may have moved, and documents may be lost, as warned about by the Fifth Circuit in *Veazy* and *Sealed Appellants* – two cases affirming dismissals after significantly shorter delays. Whether because the delay was so long and solely caused by Burleson and his own personal failure to prosecute this case or because of likely prejudice against Defendants because of the passage of so much time, dismissal for failure to comply with Rule 4(m) is appropriate. The Court is mindful of the harshness of the potential

result, but a delay of more than three years combined with the failure to offer any explanation for such a delay supports such a conclusion.

Accordingly, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

### OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 4th day of February, 2026.


DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE